IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON PETIT                                                                                               PLAINTIFFS

v.                                           Civil No. 4:19-cv-04146

TOMMY BARNES, SERGEANT NEVADA COUNTY
JAIL; and NEVADA COUNTY SHERIFF'S OFFICE,
TRANSPORT TEAM                                                                                    DEFENDANTS

# ORDER

Currently before the Court is Plaintiff's failure to inform the Court of his current address. Plaintiff Jason Petit filed this 42 U.S.C. § 1983 action *pro se* on November 21, 2019, in the Eastern District of Arkansas. (ECF No. 2). That same day, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). The following day, this Court ordered Plaintiff to file an Amended Complaint and submit a completed *in forma pauperis* ("IFP") application or pay the filing and administrative fee of $400 by December 13, 2019. (ECF No. 6). On December 5, 2019, mail sent to Plaintiff's address of record, including this Court's order, was returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Moreover, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to inform the Court of his current address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Complaint (ECF No. 2) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of January 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge